UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| H&E Home, Inc. and Classic Metals Suppliers<br><br>Plaintiffs,<br><br>v.<br><br>United States and U.S. Customs and Border Protection,<br><br>Defendants | Court No. 21-00337 |

# COMPLAINT

Plaintiffs H&E Home, Inc. ("H&E") and Classic Metals Suppliers (Classic Metals) ("Plaintiffs") by their undersigned counsel, hereby brings this civil action and alleges the following against the United States, acting by and through U.S. Customs and Border Protection ("CBP"):

## CONTESTED DETERMINATION

1. This action is an appeal from CBP's final affirmative determination of evasion of the antidumping order A-570-967 and countervailing duty order C-570-968, covering aluminum extrusions from the People's Republic of China ("PRC"). CBP published the final affirmative determination of evasion on June 4, 2021. *See* Admin. Review Determination in EAPA Case No. 7423, Office of Trade Regulations & Rulings ("ORR") (June 4, 2021) ("*June 4, 2021 Decision*").

**JURISDICTION**

2. This action is brought pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"), to contest CBP's *June 4 Decision*. *See* 19 U.S.C. § 1517 (g).

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

**STANDING**

4. Plaintiffs are U.S. importers of aluminum extrusions subject to CBP's evasion investigation and therefore have standing to bring this action in accordance with 19 U.S.C. § 1517(g)(1). Plaintiffs are not producers but conducted the required due diligence, including on-site visits to examine the production facilities, raw materials, product samples and labor force, to assure that the aluminum extrusions being imported into the United States were indeed a product of the Dominican Republic and not China.

5. As a result of CBP's determination of evasion, Plaintiffs are subject to antidumping duties and countervailing duties, and are therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedure Act, as amended, 5 U.S.C. § 702, and are entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

**TIMELINESS**

6. CBP's ORR completed its administrative review and issued its final affirmative determination of evasion on June 4, 2021.

7. Plaintiff is commencing this action with the concurrent filing of a summons and complaint within 30 business days of June 4, 2021 in accordance with 19 U.S.C. § 1517(g)(1).

**STATEMENT OF FACTS.**

8. On May 26, 2011, the U.S. Department of Commerce issued an antidumping and countervailing duty order covering aluminum extrusions from the PRC. *See Aluminum Extrusions from the People's Republic of China*: *Antidumping Duty Order*, 76 Fed. Reg. 30650 (May 26, 2011); *Countervailing Duty Order*, 76 Fed. Reg. 30653 (May 26, 2011).

9. On December 16, 2019, the Aluminum Extrusions Fair Trade Committee ("AEFTC") filed allegations with CBP that Plaintiffs were transshipping Chinese-origin aluminum extrusions through the Dominican Republic ("DR") in order to avoid paying the antidumping and countervailing duties. On the same date, AEFTC filed similar or identical allegations with respect to several other U.S. importers.

10. On July 31, 2019, prior to initiating an investigation, or even acknowledging receipt of an allegation, CBP conducted a site visit of the manufacturer of aluminum extrusions in the Dominican Republic, Kingtom Alumino SRL ("Kingtom"). The Plaintiffs purchased the aluminum extrusions from Kingtom. CBP has never provided a full and complete copy of its report from this site visit, but rather has selectively described portions of its report from this site visit in its various decisions.

11. On February 5, 2020, CBP issued the Notice of Initiation of Investigation and Interim Measures to all parties to the investigation, notifying the parties of its decision to take interim measures based upon reasonable suspicion that the importers, including Plaintiffs, entered covered merchandise into the customs territory of the United States through evasion. The entries subject to the investigation were those entered for consumption, or withdrawn from a warehouse for consumption, from January 10, 2019 through the pendency of the investigation. This was the first instance in which Plaintiffs learned that there was an investigation.

12. In the course of the investigation, Classic Metals and other importers responded in

full to CBP's requests for information ("RFIs") and provided all of the information in its possession with respect to their transactions with Kingtom (which were limited to purchase of aluminum extrusions) including detailed information with regard to their purchasing and sales process of custom-made aluminum extrusions from Kingtom. Classic Metals submitted detailed sales documentation including purchase orders, invoices, bills of lading, custom documentation and payment records.

13. On August 28, 2020, the Plaintiffs and the other importers, submitted a Joint Voluntary Submission of Factual Information for the Record.

14. On December 11, 2020, CBP placed on the administrative record in EAPA case No. 7423 documents from the administrative record in EAPA case no. 7348, including extensive responses dated March 13, 2020 to RFIs that CBP had issued to Kingtom in case no. 7348 with details describing a list of its equipment, the production capacity of its equipment, daily extrusion production records for its extrusions machines, a list of all of its suppliers of raw materials and the materials they sold to Kingtom. Kingtom also documented its production process from order acknowledgements through shipment.

15. On June 3, 2020, CBP issued a supplemental RFI to Kingtom, to which is timely responded on June 17, 2020. In its supplemental RFI response, Kingtom reported its theoretical production volumes based on the daily production records reported in its RFI response. Kington also reported its monthly export and local sales information, and further described its production process.

16. On September 30, 2020, Plaintiffs and the other importers submitted legal argument to CBP.

17. On September 30, 2020, Kingtom submitted legal argument to CBP. CBP refused

to consider such arguments and returned the legal arguments to Kingtom.

18. On January 28, 2021, CBP issued its initial determination of evasion, finding that Kingtom was able to produce aluminum extrusions in the Dominican Republic, but that Kingtom's failure to submit accurate information and cooperate to the best of its ability meant that CBP was unable to determine that Kingtom actually did produce all of the aluminum extrusions it sold. CBP therefore inferred that all merchandise imported to the United States by the Importers contained co-mingled Chinese- and Dominican Republic-origin aluminum extrusions.

19. On March 12, 2021, the U.S. importers, including Plaintiffs, submitted a Request for a *de novo* Administrative Review of the November 2, 2020 CBP determination.

20. On December 16, 2020 the foreign manufacturer, Kingtom submitted a request for a *de novo* administrative review of the January 28, 2021 CBP determination.

21. On June 4, 2021, CBP issued a determination in the *de novo* administrative review, finding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record. There is more than a "mere scintilla" of evidence to support this finding of evasion. CBP expressly stated that it would not address the remaining arguments made by the importers.

22. There was no evidence in the record of any purchases by Kingtom of aluminum extrusions from China.

23. There was no evidence in the record of any imports into the Dominican Republic of aluminum extrusions from China to Kingtom.

24. There was no evidence in the record of any shipments by Kingtom of Chinese

aluminum extrusions into the United States

25. There was no documents in the record of any purchases by Kingtom of Chinese aluminum extrusions from any other company.

## STATEMENT OF CLAIMS

### COUNT ONE

27. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

28. CBP credited an undisclosed allegation and conducted an initial investigation without any opportunity on the part of the Plaintiffs to respond to evidence presented against it before imposing interim measures. CBP also collect other information before the Notice of Initiation and Interim Measures without providing the Plaintiffs an opportunity to respond to the evidence. CBP did not permit the Plaintiffs to view or respond to the allegations, evidence and information presented against it before initiation of the investigation or imposition of interim measures.

29. An importer participating in an administrative review has a due process right to "notice and meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998); *see also* U.S. Const. art. 5.

30. The EAPA statute and implementing regulations do not provide the affected parties the right to fully and actively participate in the proceedings before initiation of the investigations or before interim measures are imposed.

31. The statute and implementing regulations permit CBP to initiate an investigation and impose interim measures without providing the Plaintiffs notice of, or opportunity to respond to, allegations and evidence used against it. According, the statute and implementing regulations are unconstitutional and violate the 5th Amendment Due Process clause. The initiation of the investigation and the imposition of interim measures were also arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law because CBP failed to provide notice and an opportunity for Plaintiffs to meaningfully be heard.

## COUNT TWO

32. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

33. CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Dep't Homeland Sec. August 22, 2016).

34. In its regulations governing how evasion claims will be investigated, CBP only considers the party filing the allegation and the accused importer(s) to be parties to the evasion investigation. 19 C.F.R. § 165.1. CBP's regulations foreclose other interested parties from fully participating in the proceedings and unlawfully narrow the scope of participation provided under EAPA for "interested parties," as defined by 19 U.S.C. § 1517(a)(6).

35. CBP did not permit Kingtom to meaningfully participate in the administrative proceeding by rejecting from the record and not considering its submissions. Accordingly, Kingtom could not rebut the alleged discrepancies or CBP's allegations that it did not actually

produce the merchandise at issue. Yet, CBP relied on the alleged discrepancies and lack of capacity in its determination against Plaintiffs.

36. The statute does not preclude CBP from accepting Kingtom's voluntary submissions, but rather CBP claims to have discretion as to whether to accepts such submissions. Because CBP denied Kingtom an adequate opportunity to participate, it also denied Plaintiff's right to have all necessary information of record considered. CBP's failure to allow the producer to participate deprives Plaintiffs of the contribution of the party in possession of the information necessary for the proceeding.

37. CBP's decision to not allow Kingtom to participate and submit information and argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706. To the extent the regulations preclude interested parties, such as the foreign producer who have a stake in the transactions at issue, from meaningfully participating in the EAPA investigation, the statute and implementing regulations are unconstitutional and violate the producer's and the importer's right to due process.

## COUNT THREE

39. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

40. At every stage of the evasion investigation, CBP refers to and relies upon information submitted by the alleger and information gathered by CBP in the course of its investigation. CBP relied upon such information to support its finding of transshipment. Despite relying on such information, CBP never provided unredacted copies or public summaries of such information to the Plaintiffs.

41. CBP's administration of the investigatory and administrative proceedings,

8

including its decisions not to release evidence necessary for Plaintiffs to raise their defenses and to heavily redact administrative record submissions, unconstitutionally violated Plaintiffs' Fifth Amendment to Due Process, or is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

## COUNT FOUR

42. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

43. A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

44. The June 4, 2021 Decision concluding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence" is based on pure speculation, is contrary to record evidence before the agency, is thus arbitrary and capricious and in violation of 19 U.S.C § 1517 (g)(2)(A) and 5 U.S.C. § 706.

45. Further, there is no nexus between the extrusions that Kingtom allegedly commingled and those imports by Plaintiffs or any other importer under investigation.

46. CBP's determination is accordingly arbitrary and capricious, an abuse of discretion and in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. § 706 or otherwise not in accordance with law. CBP also failed to comply with the procedures prescribed pursuant to 19 U.S.C. § 1517(c) and (f) in that the determination is not based upon substantial evidence pursuant to 19 U.S.C. § 1517(c)(1)(A).

## COUNT FIVE

47. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

48. CBP failed to follow the statute and its regulations in the conduct of this investigation and its initiation including failing to place certain documents on the record, assisting the alleger in refining their allegation without placing anything on the record, and conducting a site visit of Kingtom prior to initiating the EAPA investigation. Such site visit was without statutory or regulatory authority.

49. CBP was required to maintain on the administrative record all information filed with CBP pursuant to 19 19 C.F.R. § 165.21(b) and summarize oral discussions with interested parties pursuant to 19 C.F.R. § 165.21(a)(6) and 19 C.F.R. § 165.23(d).

50. CBP's site visit to Kingtom's facility was without statutory authority. Because CBP had not yet initiated an investigation pursuant to 19 U.S.C. § 1517(b)(1), CBP lacked authority to collect information for the EAPA record at the time of the site visit pursuant to 19 U.S.C. § 1517(c)(2).

51. CBP initiated and conducted the investigation without due regard for the statutory or regulatory requirements. Thus, the investigation was not conducted in compliance with the procedures prescribed pursuant to 19 U.S.C. § 1517(c) and (f) and is arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law. CBP improperly initiated the investigation by failing to comply with the statute and regulations, and the investigation and subsequent determination should be terminated *ab initio*.

## COUNT SIX

52. The allegations of paragraphs 1 through 25 are incorporated by reference and

restated as if fully set forth herein.

53. CBP expressly stated that it would not consider certain arguments presented by the importers in the Administrative Review process, and to the extent that it did consider such issues, it did not meaningfully consider or address such issues.

54. The failure to consider certain arguments presented by importers and the failure to give proper weight to the evidence submitted by all parties impermissibly tainted the results of the investigation and rendered the underlying determinations invalid.  The determination is thus arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

## COUNT SEVEN

55. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

56. Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs Territory of the United States through evasion."   A review of the full allegations, both public and confidential, demonstrates that CBP had no basis to initiate this investigation, that the evasion determination resulting from an improperly initiated investigation should be vacated, and the investigation should be terminated *ab initio*.

57. CBP's initiation determination was thus unsupported by reasonable evidence and was otherwise not in accordance with law.

## COUNT EIGHT

58. The allegations of paragraphs 1 through 25 are incorporated by reference and restated as if fully set forth herein.

124586241.1

59. The position of the United States and U.S. Customs and Border Protection was not substantially justified at the administrative level and there are no special circumstances which would make an award of fees unjust.

60. 5 U.S.C. § 504 provides for the awarding of fees in connection with Administrative Proceedings.

61. The Plaintiffs should have prevailed in a proper administrative proceeding and otherwise qualifies for an award of fees.

62. This Court, upon finding that CBP's determination is in error, should order fees in connection with the underlying administrative action.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one through eight of Plaintiff's Complaint;
2. Remanding this matter to U.S. Customs and Border Protection with instructions to terminate this investigation and order the liquidation of entries without the addition of antidumping and countervailing duties; and
3. Awarding attorney's fees and costs as appropriate;
4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

*/s/ Lizbeth R. Levinson*

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell
Fox Rothschild LLP

2020 K Street, NW Suite 500  
Washington, DC 20006  
Email: llevinson@foxrothschild.com

Dated: July 17, 2021

124586241.1