## UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Hon. Richard K. Eaton, Sr. Judge

| | |
|---|---|
| H&E HOME, INC. AND CLASSIC METALS SUPPLIERS,<br><br>                Plaintiffs,<br><br>GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., AND PUERTAS Y VENTANAS J.M. INC.,<br><br>                Consolidated Plaintiffs,<br><br>    and<br>KINGTOM ALUMINIO S.R.L.,<br><br>                Plaintiff-Intervenor<br>    v.<br>UNITED STATES,<br>                Defendant,<br>    and<br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br>                Defendant-Intervenor. | Consol. Court No. 21-00337 |

### UNOPPOSED MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rules 7, 56.2(a) and 65(a) of the United States Court of International Trade, H&E Home, Inc. and Classic Metals Suppliers ("Plaintiffs") by and through their attorneys Fox Rothschild LLP; Global Aluminum Distributor LLC ("Consolidated Plaintiff"), by and through its attorneys, Craven Trade Law LLC; Industrias Feliciano Aluminum, Inc., JL Trading Corp., and Puertas y Ventanas J.M., Inc. ("Consolidated Plaintiffs") by and through their attorneys, Sandler, Travis & Rosenberg., P.A., (jointly "Movants"), respectfully move for a preliminary injunction restraining the United States ("Defendant"), together with its delegates, officers, agents, and servants,

including employees of United States Customs and Border Protection ("CBP"), from causing or permitting liquidation of any and all unliquidated entries of Aluminum Extrusions from the People's Republic of China that:

- were subject to CBP's Enforce and Protect Act investigation in case number 7423 and subsequent *de novo* administrative review. *See Admin. Review Determination in EAPA Case No. 7423*, CBP Office of Trade Regulations and Rulings (June 4, 2021) ("EAPA 7423 Determination");
- imported by H&E Home, Inc., Classic Metals Suppliers, Global Aluminum Distributor, LLC, Industrias Feliciano Aluminum, Inc., JL Trading Corp. or Puertas y Ventanas J.M., Inc.;
- were entered, or withdrawn from warehouse, for consumption on or after January 10, 2019 up to and including the date of a final and conclusive court decision, including all appeals and remand proceedings, issued in this litigation; and
- remain unliquidated as of 5:00 p.m. on the day that the Court enters the order enjoining liquidation on the docket of this action.

This Court has the authority to issue the requested preliminary injunction under 28 U.S.C. § 1585. This motion is being filed beyond 30 days after service of the complaint for good cause per USCIT Rule 56.2(a). First, the court issued the order consolidating this case on August 3, 2021.[1] At that time, plaintiff-intervenor's motion for reconsideration of its motion to intervene in related case *Global Aluminum Distributor LLC v. United States,* Cons. Court no. 21-198 was pending and not granted by the court until October 7, 2021 (Slip Op. 21-139). The court then granted plaintiff-intervenor's motion to intervene in this case on October 13, 2021. Movants thought it prudent to wait until the status of all interested parties was settled before filing this motion. Movants' motion also satisfies the Court's consent requirements, *see* USCIT Rules 7(b) and 7(f), as outlined in greater detail in Section II of this motion.

---

[1] Three cases, *Global Aluminum Distributor LLC v. United States,* Court No. 21-00312; *Industrial Feliciano Aluminum Inc., JL Trading Corp. and Puertas y Ventanas J.M. Inc. v. United States*, Court No. 21-00317; and *H&E Home and Classic Metals Suppliers v. United States*, Court Nos. 21-00337 have been consolidated in the instant case.

For the reasons provided below, the Court should enjoin liquidation of Movants' entries because (1) Movants will suffer irreparable and immediate injury without an injunction; (2) Movants will likely prevail on the merits; (3) the public interest will be best served by granting the injunction; and (4) the balance of hardships favors Movants. *See Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed. Cir. 1987) citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983). Movants request that this injunction remain in effect pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

## **PROCEDURAL BACKGROUND**

This action is an appeal from CBP's final affirmative determination of evasion of the antidumping duty order A-570-967 and countervailing duty order C-570-968 covering certain aluminum extrusions from the People's Republic of China, and conducted pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"). The underlying CBP investigation is identified by "EAPA Case No. 7423."

Movants, as importers of merchandise subject to CBP's evasion investigation and interested parties within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1), have standing to bring this action. On July 2, July 6 and July 19, 2021 respectively,[2] Movants timely filed their summonses and complaints challenging CBP's *EAPA 7423 Determination* dated June 4, 2021. *See* 19 U.S.C. § 1517(g) (providing parties 30 business days to seek judicial review).

## **DISCUSSION**

### I.    **LEGAL STANDARD**

This Court will grant a motion for a preliminary injunction upon a showing that (1) without the requested relief, the movants will be irreparably and immediately injured; (2) the movant is

---

[2] *See supra* note 1.

likely to succeed on the merits; (3) granting the movants' requested injunction will be in the public interest; and (4) the balance of hardships favors the movants. *See U.S. Ass'n of Imps of Textiles & Apparel* v. *United States,* 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Zenith,* 710 F.2d at 809. Movants satisfy each prong of the preliminary injunction inquiry.

### 1. MOVANTS WILL BE IRREPARABLY AND IMMEDIATELY INJURED IF AN INJUNCTION IS NOT GRANTED

Without a preliminary injunction, some or all of Movants' entries may be liquidated at an incorrect antidumping and countervailing duty rate, thereby mooting the present action and depriving Movants of their right to meaningful judicial review.

The U.S. Court of Appeals for the Federal Circuit has held that eliminating the only remedy available to contest an agency action constitutes irreparable and immediate harm for purposes of a preliminary injunction. *See Zenith,* 710 F.2d at 810; *Qingdao Taifa Group Co., Ltd. v. United States,* 581 F.3d 1375, 1378 (Fed. Cir. 2009). As this Court explained, the act of liquidation constitutes irreparable and immediate harm to the importer, *see e.g., Carpenter Tech. Corp. v. United States,* 31 CIT 1, 8, 469 F. Supp. 2d 1313, 1320 (2007), because the very act "extinguishes the underlying res and the accompanying cause of action [and] strip[s] [this] Court of the ability to provide a remedy to an importer." *Laclede Steel Co.* v. *United States,* 20 CIT 712, 717, 928 F. Supp. 1182, 1188 (1996). In fact, this Court consistently grants motions for preliminary injunctions in proceedings like or similar to the one at bar. *See, e.g., In Re Section 301* Cases, Slip Op. 21-81 (July 6, 2021); *Endura Prods., Inc. v. United States*, Ct. No. 19-00190, Oct. 17, 2019 (USCIT filed Oct. 7, 2019); *NMB Singapore Ltd.* v. *United States,* 24 CIT 1239, 1243-44, 120 F. Supp. 2d 1135, 1139-40 (2000) (citation omitted). Without the court's intervention, this action may be disposed of simply by the act of liquidation. As a result, Movants would be deprived of their

statutory right to judicial review and any available judicial remedies would be nullified. Movants have, therefore, satisfied the requirements of the irreparable harm prong.

### 2. MOVANTS ARE LIKELY TO SUCCEED ON THE MERITS

Movants are likely to succeed on the merits of its case-in-chief. This Court has recognized that a showing of irreparable harm lowers the movant's burden in demonstrating its success on the merits and considers the burden met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co. v. United States,* 6 CIT 76, 81, 569 F. Supp. 65, 70-71 (1983). Movants' complaints raise substantial, difficult, and serious questions of law with respect to CBP's administration of the review proceedings and investigation, its decision to limit the parties to the investigation, redacting its decisions to the point of depriving the Movants the ability to defend the allegations against them; and ignoring the substantial evidence on the record provided by Movants. Movants also raise a procedural due process claim based on CBP's decision to withhold pertinent and material evidence from Movants, thereby depriving of them of a fair and meaningful hearing. Finally, Movants' complaints raise various instances where CBP acted in an arbitrary and capricious manner and abused its discretion. Movants' USCIT R. 56.2 briefing will address and further support each of the grounds raised in the Complaints. Movants have, therefore, satisfied the requirements of the success on the merits prong.

### 3. GRANTING MOVANTS' REQUESTED INJUNCTION WILL BE IN THE PUBLIC INTEREST

Case law firmly establishes that ensuring accurate assessment of antidumping duties and effective enforcement of trade laws is in the public interest. *See e.g.*, *PPG Industries, Inc.* v. *United*

*States,* 11 CIT 5, 10 (1987); *Smith-Corona Grp. Consumer Prods. Div.* v. *United States,* 1 CIT 89, 98, 507 F. Supp. 1015, 1023 (1980), *aff'd,* 713 F.2d 1568 (Fed. Cir. 1983). This Court also recognizes that granting preliminary injunctions serves the annunciated public interest by "maintain[ing] the status quo of the unliquidated entries until a final resolution [on] the merits [is issued]." *SKF U.S.A. Inc. v. United States,* 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004). Accurate assessment of antidumping duties and fair enforcement of existing antidumping and countervailing duty laws is indeed a primary tenant of the EAPA law. *See* 19 U.S.C. § 1517. Here, the public interest is best served by granting the preliminary injunction to ensure that antidumping duties assessed on Movants' entries are accurate. Movants have, therefore, satisfied the requirements of the public interest prong.

    4.      **THE BALANCE OF HARDSHIPS FAVORS THE MOVANTS**

The balance of hardships in the present action favors granting Movants' motion for a preliminary injunction. The hardship inquiry requires the court to determine which party will be most adversely affected by its decision to grant or deny a preliminary injunction motion. *See Ugine-Savoie Imphy* v. *United States,* 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688-89 (2000); *see also Kwo Lee, Inc.* v. *United States,* 38 CIT , 24 F. Supp. 3d 1322, 1331-32 (2014); *Canadian Wheat Bd. v. United States,* 31 CIT 650, 663, 491 F. Supp. 2d 1234, 1247 (2007). Without the issuance of a preliminary injunction, Movants will be deprived of their right to meaningful judicial review and this Court will be stripped of its jurisdiction over the present action. By contrast, a delay in liquidation will, at most, constitute an "inconvenience" to Defendant, *see Timken,* 6 CIT at 81, 569 F. Supp. at 70-71, as the Government has already collected cash deposits and increased Movants' continuous bond. Therefore, because Movants will be irreparably and immediately

harmed should the court deny its motion, the balance of hardships clearly tips in Movants' favor. Movants have, therefore, satisfied the balance of the hardships prong.

## II. STATEMENT OF CONSENT

Counsel for Movants have complied with the Court's USCIT Rules 7(b) and (f) consent requirement as follows:

On October 18, 2021, 2021, counsel for Consolidated Plaintiffs contacted via email counsel for Defendant, Alexander Vanderweide, Esq. of the U.S. Department of Justice, counsel for Defendant-Intervenor, Robert DeFrancisco, Esq., and Brady Mills, Esq., counsel for Plaintiff-Intervenor.  Mr. Mills indicated by e-mail his consent to this motion on October 19, 2021.  On October 21, 2021, Mr. Vanderweide informed Movants that Defendant consents only to the exact terms of the attached proposed order, pursuant to the framework established in *Qingdao Taifa Group Co., Ltd. v . United States*, 581 F.3d 1375, 1378-82 (Fed. Cir. 2009).  Therefore, without conceding any likelihood of Plaintiffs' success on the merits and notwithstanding the USCIT Rule 65 factors for issuance of ordinary injunctions, Defendant consents to Movants' injunction. Defendant has also consented to Movants' request that the preliminary injunction extend pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.  On October 21, 2021, Ms. Elizabeth Lee, Esq. indicated via email on behalf of Mr. DeFrancesco that Defendant-Intervenor does not oppose Movants' injunction request.

## III. REQUEST FOR RELIEF

For the reasons provided above, Movants respectfully request the court grant this Joint consent motion for a preliminary injunction enjoining liquidation of the relevant entries pending a

final and conclusive court decision in this litigation, including all appeals and remand proceedings.

                                              Respectfully submitted,

                                              /s/ *Beth C. Ring*
                                              Beth C. Ring

                                              Sandler, Travis & Rosenberg, P.A.
                                              675 Third Avenue, Suite 18905-06
                                              New York, N.Y. 10017
                                              Tel. (212) 549-0133
                                              bring@strtrade.com
                                              *Counsel to Industrias Feliciano Aluminum, Inc., JL Trading Corp., and Puertas y Ventanas J.M. Inc.*

                                              /s/ *Lizbeth R. Levinson*
                                              Lizbeth R. Levinson

                                              Fox Rothschild LLP
                                              2020 K Street, NW
                                              Suite 500
                                              Washington, DC 20005
                                              llevinson@foxrothschild.com
                                              *Counsel to H &E Home Inc.* and *Classic Metals Suppliers*

                                              /s/ *David J. Craven*
                                              David Craven

                                              Craven Trade Law LLC
                                              3744 N Ashland
                                              Chicago, IL 60613
                                              (773) 709-8506
                                              *Counsel to Global Aluminum Distributor LLC*

Date: October 22, 2021