UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, <br><br> Plaintiffs, <br><br> and <br><br> GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., <br><br> Consolidated Plaintiffs, <br><br> and <br><br> KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br> Defendant-Intervenor. | Consol. Court No. 21-00337 |

**<u>ORDER</u>**

Upon review of defendant's motion for voluntary remand, and all other pertinent papers, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the June 4, 2021 determination by U.S. Customs and Border Protection (CBP) in the administrative review of EAPA Consol. Case Number 7423 is remanded to CBP for further consideration; and it is further

ORDERED that the remand proceedings shall be completed within one-hundred and twenty (120) days of the date of this Order; and it is further

ORDERED that defendant shall file a copy of any remand determination within one-hundred and twenty-five (125) days of the date of this Order; and it is further

ORDERED that defendant shall file a copy of any supplemental administrative record documents within one-hundred and forty (140) days of the date of this Order; and it is further

ORDERED that the parties will propose a briefing schedule within fifteen (15) days of the filing of the remand determination.


Dated: _____                                                            _____
       New York, NY                                                                                JUDGE

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| and | ) |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | )<br>)<br>)<br>)     Consol. Court No. 21-00337 |
| Consolidated Plaintiffs, | ) |
| and | ) |
| KINGTOM ALUMINIO S.R.L., | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | )<br>) |
| Defendant-Intervenor. | ) |

## **DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Pursuant to Rules 7 and 56.2 of the Rules of the U.S. Court of International Trade (USCIT), defendant respectfully requests that the Court remand the June 4, 2021 final determination by U.S. Customs and Border Protection (CBP) in the administrative review of the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517, Consol. Case No. 7423.  *See* Public Admin.

Rec. Doc (P.R.) No. 712, ECF No. 25-3.  Remand would allow CBP to (1) provide the parties with public summaries of business confidential information in the administrative record; (2) review and consider documents that were mistakenly omitted from the administrative record; and (3) revisit and reweigh the record evidence in light of CBP's remand determination in EAPA Consol. Case No. 7348, *Global Aluminum Distributor LLC et al. v. United States et al.*, Court No. 21-00198 (*Global*) in order for CBP to reevaluate its decision that substantial evidence of evasion exists.

As demonstrated below, our request for a voluntary remand is substantial and legitimate, conserves judicial resources, and fosters the just and efficient resolution of this matter.  USCIT R. 1.

## BACKGROUND

On January 27, 2020, CBP initiated a formal EAPA investigation in response to an allegation of evasion filed by the Aluminum Extrusions Fair Trade Committee (AEFTC), a committee of domestic producers of aluminum extrusions.  *See* Confidential Admin. Rec. Doc (C.R.) No. 824, ECF No. 26-2.  The AEFTC alleged that H&E Home Inc. (H&E), Classic Metals Suppliers (Classic), Florida Aluminum Extrusion, LLC (Florida), Global Aluminum Distributor, LLC (Global), Industrias Feliciano Aluminum Inc. (Industrias), JL Trading Corp. (JL), and Puertas y Ventanas J.M., Inc. (Puertas) (collectively, the Importers) imported Chinese-origin aluminum extrusions into the United States by transshipment through Kingtom Aluminio S.R.L. (Kingtom), a Dominican Republic producer and exporter of aluminum extrusions, to evade the payment of antidumping and countervailing (AD/CV) duties on aluminum extrusions from the

People's Republic of China.[1]  *Id*.  CBP's ensuing investigation was designated EAPA Consol. Case No. 7423.  Of significance, the record for Consol. Case No. 7423 includes information from the record for Consol. Case No. 7348, which concerned similar allegations of evasion involving aluminum extrusions exported by Kingtom that was submitted by a different alleger against Global, Florida, and another importer.  Challenges to Consol. Case No. 7348 ultimately resulted in the *Global* action.

On January 28, 2021, CBP's Trade Remedy Law Enforcement Directorate (TRLED) issued a notice of determination of evasion, finding substantial evidence that the Importers entered into the United States Chinese-origin aluminum extrusions that were either comingled or transshipped through Kingtom's facility in the Dominican Republic, with a claimed country of origin as the Dominican Republic.  *See* C.R. No. 824.  As a result of TRLED's determination, CBP suspended or continued to suspend the Importers' entries, rate-adjusted any previously extended entries to type 03 (AD/CV), and continued to require single transaction bonds as appropriate.  *Id*.

Upon requests from the Importers, CBP's Regulations and Rulings (R&R) conducted an administrative *de novo* review of TRLED's determination.  *See* P.R. No. 712.  On June 4, 2021, R&R affirmed TRLED's determination of evasion.  *Id*.  Even though R&R found that Kingtom had the ability to produce some aluminum extrusions it exported to the United States, R&R concluded that Kingtom did not produce all of the extrusions entered by the Importers.  *Id*.  R&R's conclusion was primarily based upon (1) videos and photographs of Kingtom's extrusion presses and personnel; (2) Kingtom's production records not matching its capabilities and

---

[1] *See Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (May 26, 2011); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (May 26, 2011) (collectively, the Orders).

3

specific equipment molds; (3) Kingtom's Chinese owners, workers, and suppliers; and (4) various site visits to Kingtom's facility. *Id*.

Collectively, the Importers commenced three suits to contest CBP's decisions. The suits were consolidated; the AEFTC joined as a defendant-intervenor and Kingtom joined as a plaintiff-intervenor.

## ARGUMENT

### I. Standard Of Review

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). "{I}f the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1029. An agency's concerns are substantial and legitimate when "(1) [it] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted). *See also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action."); *SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute).

### II. Remand Is Warranted

Our request for a voluntary remand is substantial and legitimate in that remand would allow CBP to correct certain procedural deficiencies in the administrative record for EAPA

Consol. Case No. 7423, namely, to provide the parties with public summaries of business confidential information, and for the agency to be afforded the opportunity to review and consider documents that were omitted from the administrative record.

CBP placed certain business confidential information on the underlying administrative record, including summaries of site visits and responses to CBP's Requests for Information, but the agency did not provide the parties with public summaries of the confidential information as required by regulation and precedent, and as requested by the parties. *See* 19 C.F.R. § 165.4; *Royal Brush v. United States*, 483 F. Supp. 3d 1294, 1307-08 (Ct. Int'l Trade 2020); *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, Court No. 21-00129, Slip Op. 22-53 at *17-22 (Ct. Int'l Trade, May 23, 2022) (*Ad Hoc Shrimp*). Remand is thus necessary and appropriate for CBP to provide the parties with the relevant public summaries.

Further, multiple documents were mistakenly omitted from the administrative record, and were thus not reviewed by R&R when rendering its decision on evasion. These omissions have necessitated three separate motions for leave to supplement the record thus far, which this Court has granted. *See* ECF Nos. 31, 32, 48, 49, 51, 52. As the Court has made clear, R&R has an obligation under its regulations to conduct a *de novo* review of the entire administrative record, and remand is required for the agency to do so. *See Ad Hoc Shrimp*, Slip Op. 22-53 at *13-15; *see also* 19 C.F.R. § 165.45.

Finally, we request remand so that CBP may revisit and reconsider its decision regarding the central issue before the Court, namely whether there is substantial record evidence of evasion. In *Global*, the Court remanded the case to CBP for the agency to reconsider its finding of evasion. *See* Court No. 21-00198, ECF No. 92. On remand, CBP determined that the record lacked substantial evidence of evasion. *See* Court No. 21-00198, ECF No. 93. As no party


challenged CBP's remand determination, the parties, with the exception of the defendant-intervenor, Ta Chen International, jointly filed a motion for entry of judgment sustaining the remand determination, which is pending with the Court.  *See* Court No. 21-00198, ECF No. 95.  Given the significant overlap among the parties, issues, and records in *Global* and the present action, CBP respectfully requests that it be afforded the opportunity to reevaluate the record evidence in light of its remand determination in *Global* and to reconsider its finding of evasion.  Because defendant's request for remand goes to the heart of the plaintiffs' and Kingtom's challenge to CBP's decision of evasion, our request is substantial and legitimate, and is therefore, appropriately made.

Should the Court grant our request for a remand, CBP will render any remand determination within 120 days of the Court's remand order, file the determination within 125 days of the order, and file any supplemental administrative record documents within 140 days of the order.  Given the nature of our request for a remand, we also respectfully request that the parties be permitted to propose a briefing schedule within 15 days of the filing of the remand determination, if additional briefing is required.  Because CBP has requested an expeditious remand, the parties will not be unduly prejudiced by the voluntary remand.  Accordingly, our request for a voluntary remand should be granted.

Counsel for the Government has conferred with counsel for the parties in the consolidated action.  Lizbeth Levinson of Fox Rothschild LLP consented to the relief requested on behalf of plaintiffs H&E Home, Inc. and Classic Metals Suppliers; David J. Craven of Craven Trade Law LLC consented to the relief requested on behalf of consolidated plaintiff Global Aluminum Distributor LLC; Beth Ring of Sandler, Travis & Rosenberg, PA consented to the relief requested on behalf of consolidated plaintiffs Industrias Feliciano Aluminum, Inc., JL

Trading Corp. and Puertas Y Ventanas J.M., Inc.; Brady Mills of Morris, Manning & Martin, LLP consented to the relief requested on behalf of plaintiff-intervenor Kingtom Aluminio S.R.L.; and Robert DeFrancesco of Wiley Rein LLP indicated that defendant-intervenor, the AEFTC, does not consent and will be filing an opposition to the motion.

    For these reasons, we respectfully request that the Court grant our motion.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

Of Counsel:        /s/ Alexander Vanderweide
Tamari J. Lagvilava    ALEXANDER VANDERWEIDE
Chelsea Reyes    Senior Trial Counsel
Office of Chief Counsel    Civil Division, U.S. Dept. of Justice
U.S. Customs and Border Protection    Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        *Attorneys for Defendant*

August 5, 2022

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains 1914 words, excluding any materials excluded from those Procedures' requirements, as calculated by the word processing system used to prepare this brief (Microsoft Word).

<div style="text-align: center;">/s/ Alexander Vanderweide</div>