UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | : : : | |
| Plaintiffs, | : : | |
| and | : : | Before: Richard K. Eaton, Judge |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | : : : : : | Consol. Court No. 21-00337 |
| Consolidated Plaintiffs, | : : | |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant, | : : | |
| and | : : | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | : : : | |
| Defendant-Intervenor. | : : | |

## **ORDER**

Before the court is Defendant's partial consent motion for voluntary remand to U.S. Customs and Border Protection ("Customs"), ECF No. 65 ("Motion"). Defendant-Intervenor opposes the Motion, ECF No. 68, arguing that Defendant has failed to meet the standard for voluntary remand, *i.e.*, that "the agency's concern is substantial and legitimate." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).

Customs "may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA Inc.*, 254 F.3d at 1029. For example, the agency might seek remand

"to consider further the governing statute, or the procedures that were followed," or because "it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies." *Id.* In that case, "the reviewing court has discretion over whether to remand." *Id.*

The court finds the "substantial and legitimate" standard is satisfied here. Defendant seeks remand to permit Customs to "(1) provide the parties with public summaries of business confidential information in the administrative record; (2) review and consider documents that were mistakenly omitted from the administrative record; and (3) revisit and reweigh the record evidence in light of CBP's remand determination in EAPA Consol. Case No. 7348, *Global Aluminum Distributor LLC et al. v. United States et al.*, Court No. 21-00198 . . . in order for CBP to reevaluate its decision that substantial evidence of evasion exists." Motion at 2. In other words, Customs wishes to ensure its regulations governing procedures were followed and to reconsider the correctness of its decision after voluntary remand in a similar case ultimately led to a different result. *SKF USA Inc.*, 254 F.3d at 1029.

Based on the foregoing, and all other pertinent papers and proceedings had herein, it is hereby

**ORDERED** that the motion is granted; it is further

**ORDERED** that the June 4, 2021 determination by Customs in the administrative review of EAPA Consol. Case Number 7423 is remanded to Customs for further consideration; it is further

**ORDERED** that the remand proceedings shall be completed within one hundred and twenty (120) days of the date of this Order; it is further

**ORDERED** that Defendant shall file a copy of any remand determination within one hundred and twenty-five (125) days of the date of this Order; it is further

Consol. Court No. 21-00337
Page 3

**ORDERED** that Defendant shall file a copy of any supplemental administrative record documents within one hundred and forty (140) days of the date of this Order; it is further

**ORDERED** that the parties will propose a briefing schedule within fifteen (15) days of the filing of the remand determination; and it is further

**ORDERED** that Plaintiffs' Motion For Leave To File Reply To Defendant-Intervenor's Opposition To Defendant's Motion For Remand, ECF No. 69, is denied as moot.

/s/ Richard K. Eaton
Judge

Dated: September 7, 2022
       New York, New York