**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**
_____

|  |  |  |
|---|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | ) ) ) ) | Consol. Court No. 21-00337 |
| Consolidated Plaintiffs, | ) ) | |
| KINGTOM ALUMINIO S.R.L., | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

_____

### <u>ORDER</u>

Upon consideration of Consolidated Plaintiffs Industrias Feliciano Aluminum, Inc.,

JL Trading Corp., and Puertas y Ventanas J.M., Inc.'s Rule 56.2 Motion for Judgment on the

Agency Record and the accompanying comments in support of the remand redetermination,

and upon all other papers filed and proceedings had herein, it is hereby

**ORDERED** that Consolidated Plaintiffs' motion is granted; and it is further

**ORDERED** that the remand redetermination issued by U.S. Customs and Border Protection ("CBP") in EAPA Consolidated Case No. 7423 is supported by substantial evidence in the record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and it is further

**ORDERED** that this action is remanded to CBP for proceedings consistent with this Court's opinion.


Dated:_____                    _____
                                                  Hon. Richard K. Eaton, Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

_____

|  |  |  |
|---|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | ) | Consol. Court No. 21-00337 |
| | ) | |
| Consolidated Plaintiffs, | ) | |
| | ) | |
| KINGTOM ALUMINIO S.R.L., | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

_____

**CONSOLIDATED PLAINTIFFS INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP. AND PUERTAS Y VENTANAS J.M., INC.'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade ("CIT"),

Consolidated Plaintiffs, Industrias Feliciano Aluminum, Inc., JL Trading Corp., and Puertas y

Ventanas, J.M., Inc.   (hereinafter "Consol. Plaintiffs") by and through their attorneys,

respectfully move for judgment on the agency record with respect to the remand redetermination issued by U.S. Customs and Border Protection ("CBP") in EAPA Consolidated Case No. 7423, regarding the applicability of antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China to aluminum extrusions manufactured and exported to the United States from the Dominican Republic by Plaintiff-Intervenor Kingtom Aluminio, S.R.L. "Kingtom," Remand Redetermination, *H&E Home, Inc. and Classic Metal Suppliers, et. al v. United States,* Court No. 21-00337 (Court of International Trade Jan. 4, 2023), EAPA Cons. Case No. 7423 (Jan. 10, 2023), ECF No. 73 ("Remand Redetermination").

For the reasons explained in the accompanying Comments in Support of the Remand Redetermination as well as the comments separately filed on behalf of the Plaintiff-Intervenor, Consolidated Plaintiffs respectfully move that this Court find that CBP's Remand Redetermination was supported by substantial evidence on the record and judgment should be entered accordingly.

Respectfully submitted,

/s/ *Beth Ring*
Beth C. Ring
Sandler, Travis & Rosenberg, P.A.
675 Third Avenue, Suite 1805-06
New York, N.Y. 10017
 (212) 549-0133
bring@strtrade.com

*Counsel to Consolidated Plaintiffs Industrias Feliciano Aluminum, Inc., JL Trading Corp., and Puertas y Ventanas J.M. Inc.*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**
_____

|  |  |  |
|---|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | ) ) ) ) ) | Consol. Court No. 21-00337 |
| Consolidated Plaintiffs, | ) ) | |
| KINGTOM ALUMINIO S.R.L., | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

_____)

**COMMENTS OF CONSOLIDATED PLAINTIFFS INDUSTRIAS**
**FELICIANO ALUMINUM, INC., JL TRADING CORP., AND PUERTAS Y**
**VENTANAS J.M., INC. IN SUPPORT OF THE REMAND**
**REDETERMINATION**

**Table of Contents**

I.     CBP's Remand Determination is Fully Supported by Substantial Evidence
        in the Record that had been Ignored in its Original Determination ...................................... 3

II.    CBP Correctly Exercised Its Discretion in Not Applying Adverse Inferences
        Based on the Public Versions of the Documents Submitted by Industrias
        Feliciano, JL Trading and Puertas y Ventanas ....................................................................... 5

III.   Conclusion ............................................................................................................................. 14

**Table of Authorities**

**Cases**

*Ad Hoc Shrimp Trade Enforcement Committee v. United States*,
        Court No. 21-00129, (Ct. Int'l Trade, May 23, 2022) ............................................. 5, 7, 11

*Aluminum Extrusions Fair Trade Committee v. United States,*
        Court No. 22-00236 ................................................................................................................ 3

*Global Aluminum Distributor LLC v. United States*,
        Consol. Ct. No. 21-198 ................................................................................................... 3, 4, 5

*Royal Brush v. United States*,
        483 F. Supp. 3d 1294 (Ct. Int'l Trade 2020) .............................................................. 5, 7

**Statutes and Regulations**

19 U.S.C. §1517(c)(3) .................................................................................................................. 12

19 C.F.R. § 165.4 ...................................................................................................................... 5, 8

19 C.F.R. §165.4(a)(2) .................................................................................................. 6, 7, 8, 10

19 C.F.R. §165.6 .................................................................................................................. 11, 12

19 C.F.R. §165.26(b)(1) ....................................................................................................... 11, 12

**Miscellaneous**

Attachment:   Email correspondence from CBP and Beth Ring to the Parties ............................15

**I.**     **CBP's Remand Determination is Fully Supported by Substantial Evidence in the Record that had been Ignored in its Original Determination**

Having determined that the facts and circumstances of both EAPA case 7423, the subject of this action and EAPA case 7348, the subject of *Global Aluminum Distributor LLC v. United States*, Consol. Ct. No. 21-198 ("*Global*") were almost identical, and having found no substantial evidence of evasion on remand in *Global,* the Remand Redetermination correctly reverses its finding of evasion in the instant case. It should also be noted that CBP has now made three findings of no evasion based on substantial evidence of the manufacture of aluminum extrusions by Kingtom in the Dominican Republic: EAPA Case No. 7348 (*Global*), EAPA Case No. 7423, (the instant case) and EAPA Case No. 7550 dated June 29, 2022, where CBP's Office of Regulations and Rulings ("R&R") reversed the original finding of evasion by TRLED.[1] The evidence was clear and unrefuted in all three cases that Kingtom not only had all the manufacturing equipment necessary to produce the sizes and quantities of aluminum extrusions it shipped to the United States, but that its primary raw materials, aluminum ingots and scrap, were sourced from countries other than China. The R &R remand redetermination in this case correctly recognizes that the alleged "discrepancies" in documents on which the original TRLED determination was based all had explanations that both Kingtom and the importers presented in their responses to questions from CBP or in their briefs in support of their requests for administrative review that CBP ignored.

Defendant-Intervenors' ("AEFTEC") comments in opposition to R&R's Remand Redetermination similarly ignore the extensive explanations in the record for the so-called "discrepancies" found in the original EAPA determination in this case. Claiming that coming to

---

[1] This was a separate EAPA investigation against Kingtom as an importer of aluminum extrusions. That case is also on appeal before the U.S. Court of International Trade, *Aluminum Extrusions Fair Trade Committee v. United States,* Court No. 22-00236.

opposite conclusions on the same record renders R&R's Remand Redetermination "arbitrary, capricious and an abuse of discretion" cynically overlooks the fact that the agency simply ignored large parts of the record in making its original determination.[2]  It was, in fact, the original CBP determination in this case that was arbitrary, capricious and an abuse of discretion.

Moreover, Defendant-Intervenor tries to use this case to attack the record in EAPA 7348, *Global Aluminum Distributor, LLC v. United States*, Court No. 21-00198, (to which it did not even attempt to intervene until **after** the government's remand determination had already been filed with the Court, Ct. No. 21-00198, ECF No. 96) by claiming, *inter alia,* that the supplier information submitted by Kingtom could not be "verified," when TRLED did not attempt to verify such information and refused to allow Kingtom to submit factual information to CBP in EAPA 7423, the investigation the subject of **this** case.

All the reasons articulated in R&R's Remand Redetermination in support of the reversal of their original EAPA decision in this case would have been argued to the Court in the briefs in support of Rule 56.2 Motions for Judgment on the Agency Record that the Plaintiffs, Consolidated Plaintiffs and Plaintiff-Intervenor were preparing to file had the government not moved for a voluntary remand. That motion, to which all the parties except Defendant-Intervenor consented, was adopted by the Court in its remand order resulting in the Defendant's Remand Redetermination that judgment should be entered based on a finding of no substantial evidence of evasion. This determination is further supported by the separate Comments in Support of the Plaintiff-Intervenor's Rule 56.2 Motion for Judgment on the Agency Record, which are incorporated by reference herein.

---

[2] *H&E Home, Inc. et.al v. United States*, *et al,* Consol. Court No. 21-00337, Aluminum Extrusion Fair Trade Committee's Confidential Revised Comments In Opposition to the Remand Redetermination, ECF No. 82 at p. 4.

However, for the reasons discussed below, while coming to the correct conclusion in not applying adverse inferences to any of the importers in this case, the procedures followed by TRLED in implementing the Court's remand order misinterpreted both the letter and spirit of that order and the motion on which it was based.

## II.    CBP Correctly Exercised Its Discretion in Not Applying Adverse Inferences Based on the Public Versions of the Documents Submitted by Industrias Feliciano, JL Trading and Puertas y Ventanas

In its Motion for a Voluntary Remand, the government argued:

> CBP placed certain business confidential information on the underlying administrative record, including summaries of site visits and responses to CBP's Requests for Information, but the agency did not provide the parties with public summaries of the confidential information as required by regulation and precedent, and as requested by the parties. *See* 19 C.F.R. § 165.4; *Royal Brush v. United States*, 483 F. Supp. 3d 1294, 1307-08 (Ct. Int'l Trade 2020); *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, Court No. 21-00129, Slip Op. 22-53 at *17-22 (Ct. Int'l Trade, May 23, 2022) (*Ad Hoc Shrimp*). Remand is thus necessary and appropriate for CBP to provide the parties with the public summaries (emphasis added). Ct. No. 21-00337, ECF No. 65

In addition, the motion sought to enable CBP to supplement the record with documents they had omitted and revisit its determination of evasion in light of its remand determination reversing the finding of evasion in the related case of *Global Aluminum Distributor LLC et. al. v United States, et. al.*, Court no. 21-00198 involving overlapping parties, issues and records.

In granting the government's motion for a remand in this case, the Court adopted the government's arguments.[3] However, in implementing the Court's Remand Order, CBP apparently misunderstood both the motion for remand to which the parties were induced to consent and the

---

[3] Opinion and Order, *H&E Home, Inc. et al v. United States, et al.,* Consol. Ct. No.21-00337 (Ct. Int'l Trade Sept. 7, 2022), ECF No. 70 (Remand Order).

order issued by the Court. Nowhere in the government's remand motion did the government even suggest that it was seeking a remand to require the complete refiling of thousands of pages of documents already submitted, vetted and accepted by CBP pursuant to 19 C.F.R. §165.4(a)(2). Consolidated Plaintiffs would not have consented to the remand motion had they understood it would been interpreted by CBP to require the resubmission of the thousands of pages of the public summaries of their **own** documents as a condition for consenting to a remand motion, especially when the parties had access to the confidential versions of the documents under judicial protective order and the Remand Redetermination was based on the confidential documents already on the record. Indeed, if the plaintiff parties had any inkling that CBP's plan was to require a complete refiling of all public documents under surprise new and unreasonable standards, Consolidated Plaintiffs would have opposed the government's remand motion and proceeded with our Rule 56.2 Motions for Judgment on the Agency Record pursuant to the original scheduling order.

Following the Remand Order, when CBP issued its demand dated September 16, 2022 for resubmission of thousands of pages of the public versions of responses to the voluminous Requests for Information submitted in the investigation, it provided "examples" of what was now being required that added nothing to the requirement in 19 C.F.R. §165.4(a)(2) of a public summary of bracketed confidential information "in sufficient detail to permit a reasonable understanding of the substance of the information."[4] CBP's suggested "samples" of its new standards did no such thing, e.g., writing the word "numbers" in a bracketed box under a column heading on a form clearly identified as "quantity" or under a box labeled "entry number," or the

---

[4] Email from Scott Hoefke to the parties Sept. 16, 2022. Remand Determination for Enforce and Protect Act (EAPA) Consolidated Case Number 7423 (H327196) (Dec. 2, 2022), ECF No. 77, Doc.#3.

words "name and address" written in a box for "consignee" or "purchaser" add nothing to the understanding of the substance of the bracketed confidential information; that is evident from the column or box headings.  While it is arguable whether these unannounced new standards were required to be published as proposed amendments to 19 C.F.R. §165.4(a)(2) and subject to notice and comment pursuant to the Administrative Procedures Act, they were issued "on the fly" and simply sprung on the parties to this case with no opportunity for reasonable modification.[5] Under no circumstances would the Consolidated Plaintiffs who consented to the government's remand motion as adopted by the Court, have agreed to this method of implementing the Remand Order.

Moreover, there is nothing in *Royal Brush v. United States,* 483 F. Supp.3d 1294, 1307-08 (Ct. Int'l Trade 2020) or *Ad Hoc Shrimp Enforcement Committee v. United States,* Slip Op. 22-53 at 17-22 (Ct. Int'l Trade May 23, 2022) that compelled the complete refiling of the public versions of the parties' responses to CBP's voluminous Requests for Information based on the "examples" provided by CBP.  While CBP has a legitimate interest in ensuring its regulations are followed, the government's citation to *Royal Brush* and *Ad Hoc Shrimp* are legally inapposite to the method that CBP sought to retroactively "rectify" the administrative record in the instant case. The issue in *Royal Brush* was the inadequacy of the public version of CBP's memorandum of a factory site visit, not the sufficiency of a party's public summaries. In *Ad Hoc Shrimp*, there were repeated, timely objections to the foreign factory's public summaries of its response to CBP's requests for information submitted on the record during the EAPA investigation that were inconsistently treated by CBP, and not even addressed in its determinations. Moreover, the government admitted

---

[5] It should be noted that the majority of the 601 documents required to be resubmitted on CBP's September 16, 2022 list were those of Consolidated Plaintiffs Industrias Feliciano, JL Trading, and Puertas y Ventanas which accounted for hundreds of thousands of pages. Other parties, including Defendant-Intervenor, who complied with the new summarization requirements, had relatively few documents on CBP's list.

7

to having issued its determinations without having reviewed the entire administrative record, including a significant number of substantive documents omitted when the record was transmitted from TRLED to R&R in the administrative review, resulting in the Court's remand order that the all the documents be considered on remand, and the inadequate public summaries be remedied.

Neither case therefore supports CBP's demand for the wholesale resubmission of all the public summaries of responses to the Requests for Information in this case, where omitted documents submitted by the parties were already the subject of Court-ordered inclusion in the record, and CBP had in fact required compliance with its regulations on submission of public summaries of business confidential documents under §165.4(a)(2).[6]

Since all the public summaries of the responses to the Requests for Information submitted by Industrias Feliciano, JL Trading Corp. and Puertas y Ventanas had already been so bracketed as to "permit a reasonable understanding of the substance of the information" redacted by indicating all column headings or other obvious descriptions on forms such as customs entries, sales documents, payroll records, bank statements, etc., when these documents were all timely

---

[6] Nor was CBP's representation in its email from Scott Hoefke dated September 16, 2022 accurate in stating "[b]ecause CBP found that the public versions that were initially submitted during the administrative proceeding by the interested parties were not sufficient, CBP is correcting this procedural deficiency on remand to ensure compliance with its regulations. In order to do this, CBP is requiring that the public versions of previously submitted confidential documents contain the appropriate public summaries of the confidential information." To the contrary, CBP had no compunction about rejecting documents it claimed did not comply with the requirements of 19 C.F.R. §165.4 during the EAPA investigation. See Pub. Doc. 93; PR000561 (Email from TRLED to counsel for AEFTEC confirming their rejection of Classic Metal's bracketing); Pub. Doc. 99, PR000581 (Email from TRLED to counsel for Industrias Feliciano, Puertas y Ventanas and JL Trading rejecting cover letters for inadequate bracketing). These documents were accepted upon resubmission, and Defendant-Intervenor did not even raise the issue of the revised public summaries in their briefs before CBP, creating a presumption that they had no objection to the public summaries as resubmitted.

resubmitted on September 24, 2022. they were all reformatted as required by CBP's instruction of September 16, by being "flattened, OCR'd and optimized" in Adobe.

Nevertheless, three weeks later on October 14, 2022, a Friday afternoon, CBP issued an email informing counsel for Consolidated Plaintiffs that all the revised public summaries submitted by Industrias, Puertas y Ventanas and JL Trading were being rejected unless the more than 100,000 pages of their documents were resubmitted in a day and a half on pain of having "adverse inferences" applied to these companies in the remand determination.[7] While these parties immediately requested a 2-day extension,  it actually would have taken at least two weeks to accomplish CBP's unreasonable demand even with the assistance of many staff personnel in the offices of both counsel and the parties.  Moreover, this was not what we believe the Court's Remand Order required. Therefore, on Sunday night October 16, undersigned counsel for Industrias, JL Trading and Puertas y Ventanas sent an email to CBP's DOJ counsel in this case, copying all parties (including counsel for Defendant-Intervenor), indicating that we would request a conference with the Court to clarify its Remand Order in light of how CBP was interpreting and implementing it if CBP did not revise its overbroad request.

Contrary to Defendant-Intervenor's misrepresentation of this communication as seeking "assurances from the U.S. Department of Justice attorney ("DOJ"), i.e., CBP's outside counsel, that there would be no application of adverse inferences even if they did not submit the corrected documents,"[8]  counsel was properly communicating with Defendant's counsel in this litigation to

---

[7] See Attachment hereto. Undersigned counsel for Industrias Feliciano, JL Trading and Puertas y Ventanas was on a train when this message from CBP was received on route to a location where she would have no access to the internet until her return that Sunday night.

[8] Defendant-Intervenor's Comments at p. 32.  It should be noted that DOJ is not "outside counsel" to CBP—it represents the Defendant in this case.

arrange for a conference with the Court to seek clarification of the Court's Remand Order before the Consolidated Plaintiffs committed to the extreme time and expense of redacting more than 100,000 pages of documents.[9] Not only was this communication not improper, but it is required by CIT Rule 16 for counsel for parties to a litigation to confer regarding procedural matters prior to judicial conferences.

When the agency interprets the Court's Remand Order in a way that would cause unreasonable, overbroad, expensive and unnecessary massive refiling of documents, it is entirely appropriate to seek clarification from the Court on the parameters of its order, especially on a motion to which the parties consented. The fact that other parties were not burdened with resubmission of this amount of documents did not make this request for clarification from the Court unreasonable. Thus, contrary to TRLED's mischaracterization of the resubmission of the public versions of some 100,000 pages of documents submitted on behalf of Industrias, Puertas y Ventanas and JL Trading as "purported" revised public versions of documents that "did not include public summaries of business confidential information,"[10] TRLED had already accepted these documents as compliant with 19 C.F.R. §165.4(a)(2) during the investigation, after notifying parties when they found any documents "inadequate" under that regulation.[11] TRLED's Remand Determination thus misleads the Court in assuming that there was no room for any Court intervention in curbing its burdensome demand and sudden reinterpretation of the regulations on submission of public summaries of business confidential information. To the contrary, it most

---

[9] See Attachment hereto.

[10] Remand Redetermination at p. 17.

[11] *See* note 6, *supra.*

definitely *is* the Court that has final word on how the agency conducts its administrative proceedings on remand. *See Ad Hoc Shrimp, supra.*

When AEFTEC (Defendant-Intervenor) filed an argument with CBP on November 7, 2022 claiming that that our clients did not "cooperate to the best of their ability" in filing the public versions of their documents, they argued our clients should therefore be subject to an "adverse inference" that they evaded the antidumping duty order pursuant to 19 C.F.R. §165.6.  On behalf of Consolidated Plaintiffs a timely response to this argument was filed with CBP pursuant to 19 C.F.R. §165.26(b)(1) on November 22, 2022, which TRLED rejected as untimely. TRLED argues that the EAPA regulations, which are cited liberally in their draft and remand redeterminations, now were deemed to apply only to EAPA "investigations" and "remand procedures are not addressed" by the regulations; only the rules set forth in the email from TRLED to the parties on October 21, 2022 governed the remand procedures.[12] Thus according to TRLED and AEFTEC, 19 C.F.R. §165.6 applies but §165.26(b)(1) does not.  If some regulations must be followed but not others, and the public is provided no notice of such policy changes prior to their implementation, only the courts can rectify such arbitrary action under our legal system.

Nevertheless, CBP's Remand Redetermination provides three very cogent reasons why they declined to impose "adverse inferences" against the Consolidated Plaintiffs: (1) the decision to apply adverse inferences is discretionary under both 19 U.S.C. §1517(c)(3) and 19 C.F.R. §165.6; (2) the original documents submitted by all parties were already on the administrative record, and  the submission of revised public summaries did not fill a gap of information on the

---

[12] Notably, while TRLED rejected the submission dated November 22 on behalf of Industrias, Puertas y Ventanas and JL Trading as untimely, it apparently *accepted* the even later letter dated November 23 from AEFTEC telling CBP to reject our letter dated November 22 as untimely which TRLED followed to the letter in its email dated November 28 rejecting our submission.

record; and (3) to apply adverse inferences for failure to resubmit public versions on remand "would be futile as CBP already reviewed and considered confidential versions of all documents and the parties have already accessed such documents under the judicial protective order."[13]

Moreover, TRLED hedges its apparent recognition that its rejection of the timely-filed rebuttal might be deemed arbitrary, capricious and unreasonable by claiming that "even if the submission[s] were [*sic*] timely, it would be rejected as

> falling outside the scope. Specifically 19 C.F.R. §165.26(b)(1) requires that rebuttal arguments "be limited to the issues raised in the written argument" and that "any portion of a response that is outside the scope of the issues raised in the written argument will not be considered.[.]" The submission[s] at issue challenged CBP's demand for the resubmission of public response to include public summaries on remand and how the agency conducted its administrative proceedings on remand, rather than <u>rebut the arguments made by AEFTC regarding CBP's decision not to apply adverse inferences.</u> Accordingly, for the reasons outlined above, CBP rejected the submission (emphasis added).[14]

However, AEFTEC's argument did not rebut any decision by CBP not to apply adverse inferences, as <u>no such decision had yet been formally made</u> until the Draft Remand Redetermination. Rather, AEFTEC was arguing why adverse inferences *should* be applied because the importers allegedly did not comply with CBP's resubmission demand "to the best of their ability."

While the conclusion to not apply adverse inferences is correct, this statement only reinforces TRLED's misinterpretation of the Court's Remand order, as reflected in AEFTECs argument, by assuming it was outside the purview of the Court's oversight--the basis for our request to DOJ counsel that we arrange for a conference with the Court. AEFTEC argued that our

---

[13] Remand Redetermination at p. 18-19.

[14] Remand Redetermination at pp. 19-20.

alleged failure to comply with TRLED's resubmission demand was the very basis for applying "adverse inferences," a decision that had NOT yet been formally made but informally communicated between CBP and defense counsel. Thus, our submission was a rebuttal to that argument and not "out of scope."  This was another example of TRLED's arbitrary and capricious application of the regulations and improvising their implementation of the Court's remand order willy nilly.

While adverse inferences were not applied for the reasons set forth the Draft and Final Remand Redeterminations above cited, those reasons in fact support the lack of necessity for the revised onerous public summaries demanded of the parties which we would have argued to the Court had a conference been necessary. Thus, by its own admission, requiring the parties to resubmit hundreds of thousands of pages of documents already on the administrative record was a useless exercise, not designed to fill any gaps in the administrative record, costing the parties unnecessary time and expense and properly subject to oversight by the Court had CBP accepted AFTEC's argument.

TRLED's Draft and Final Remand Redeterminations belie the unorthodox procedures it applied to the Remand Redetermination, causing an entirely wasteful "sideshow" regarding resubmission of unnecessary documents that we believe the Court would not have sanctioned as implemented.

**III.**   **<u>Conclusion</u>**

For all the foregoing reasons and those set forth in the comments of Plaintiff-Intervenor, Consolidated Plaintiffs respectfully request the Court to find CBP's Remand Redetermination reversing its determination of evasion to be supported by substantial evidence on the record.

Respectfully submitted,

/s/ *Beth Ring*
Beth C. Ring
Sandler, Travis & Rosenberg, P.A.
675 Third Avenue, Suite 1805-06
New York, N.Y. 10017
 (212) 549-0133
bring@strtrade.com

*Counsel to Consolidated Plaintiffs Industrias Feliciano
Aluminum, Inc., JL Trading Corp., and Puertas y
Ventanas J.M. Inc.*

14

ATTACHMENT

**From:** Beth Ring
**Sent:** Sunday, October 16, 2022 7:24 PM
**To:** Vanderweide, Alexander (CIV) <Alexander.Vanderweide@usdoj.gov>
**Cc:** david.craven@tradelaw.com; Brittney Powell (bpowell@foxrothschild.com)
<bpowell@foxrothschild.com>; Liz Levinson (llevinson@foxrothschild.com)
<llevinson@foxrothschild.com>; DeFrancesco, Robert <RDeFrancesco@wiley.law>; Diaz,
Jennifer (CTPAT) <jen@diaztradelaw.com>; manager@castanerlaw.com; Jordan L. Fleischer
<jfleischer@mmmlaw.com>; Lee, Liz <ELee@wiley.law>
**Subject:** FW: RFI (BC) [ ref:_00Dt04XM5._500t012bmzT:ref ]
**Importance:** High

Dear Alex:

We are writing to call you attention to a very disturbing development in this case. On Friday
October 14 after 3 pm (EDT), Counsel for Plaintiffs, Global,  Industrias Feliciano, Puertas y
Ventanas and JL Trading received the below email from Scott Hoefke from CBP rejecting in their
entirety the voluminous re-submissions filed on Sept 26 of the public versions of the plaintiffs'
business confidential responses to extensive requests for information submitted during the EAPA
investigation underlying this case and submissions underlying the earlier EAPA case.  CBP
provided a deadline of on and a half business days (Tuesday Oct 18 at5 pm) to resubmit this
data.   This demand was on pain of holding these companies in default of responding to anything
submitted during the investigation and using "adverse facts available" against them. CBP has had
these re-submissions for almost 3 weeks but demanded they ALL be re-submitted yet again with
vague allegations that they were "not adequate".   Counsel for Industrias, Puertas and JL Trading
was on a train when she received this email and would not have access to a computer until now
when this is being sent.

CBP claimed that ALL public summaries of the some 100,000 pages submitted with the
confidential information, e.g.,  customer names, columns of documents clearly identified with
only the figures redacted, etc were insufficiently summarized under 19 C.F.R. 164.5(a)(2) and
were being rejected unless entirely redone, re-flattened, OCR'd, and optimized again by Tuesday
at 5 pm.  While CBP claims they did not require adherence to 164.5(a)(2) when these documents
were originally submitted during the investigation, this is not true, as they repeatedly rejected
public summaries they believed were inadequate and they were resubmitted and served on the
Defendant-intervenors.  In addition, Defendant-intervenors had no compunction about filing
objections to public summaries they found unsatisfactory.  In fact defendant-intervenors did not

raise this as an issue in their administrative briefs, creating a presumption that the public versions and the re-submitted public versions submitted during the investigation were adequate.

When plaintiffs consented to the DOJ's motion for remand, Mr. Hoefke's unreasonable demand on a Friday afternoon that 100,000 pages be re-summarized in 2 days after having already been reformatted and resubmitted was not what plaintiffs were consenting to. As the court's order provides, we assumed that CBP would add the documents they omitted from the record and conduct their reconsideration, i.e. the same procedure that was followed in *Global Aluminum Distributor, Cons. Court No. 21-00198* Nor could Defendant-intervenors's demand that all public versions be resubmitted having waived any objection during the administrative proceedings.  It was the government's failure to adequately summarize their visits to the factory in both *Royal Brush* and this case that were violations of the regulation, not the parties' summaries of responses to cf28s in the form of limited brackets around just the confidential information, such as names and numbers under clearly indicated headings on form documents such as customs entries, sales invoices, balance sheets, etc. Nor do the EAPA regulations provide any specific type of summarization to meet the regulatory requirement for a public summary. Writing the word "address" on a form that provides a box labeled "consignee" does not add anything if the content of the box indicating the consignee is in brackets. Likewise writing the word "numbers" on a form where a column is labeled "quantity" but the numbers are redacted does not provide any additional information required by the regulation. Yet this is what CBP is now demanding for more than 100,000 pages in 2 days.

If you are unable to convince your client to rescind or at least drastically limit this unreasonable and overbroad request that misrepresents the remand order to which the plaintiffs consented by 11 a.m. tomorrow, then we will request an immediate conference with the Court and are prepared to file a TRO and P.I. if necessary.

Best regards,

Beth Ring

*Senior Member*

SANDLER, TRAVIS & ROSENBERG, P.A.
International Trade, Customs & Export Law

675 Third Avenue, Suite 1805-06
New York, N.Y. 10017
Direct: 212-549-0133; Mobile: 917-749-0631
BRing@strtrade.com
www.strtrade.com | VCard

*The information contained in this email message and any attachments is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please destroy it and remove it immediately from your PC and server, and notify us by return email that it was received in error.  Thank you.*

**From:** Scott Hoefke <scott.a.hoefke@cbp.dhs.gov>
**Sent:** Friday, October 14, 2022 3:19 PM
**To:** bmills@mmmlaw.com; Beth Ring <BRing@strtrade.com>; bpowell@foxrothschild.com; rdefrancesco@wiley.law; llevinson@foxrothschild.com; jen@diaztradelaw.com; manager@castanerlaw.com; david.craven@tradelaw.com; jfleischer@mmmlaw.com; elee@wiley.law
**Subject:** RFI (BC) [ ref:_00Dt04XM5._500t012bmzT:ref ]

**CAUTION:** External Email-Do not click links or open attachments unless you recognize the sender and know the content is safe.

**PUBLIC DOCUMENT**

Global Aluminum, Industrias, JL Trading, and Puertas y Ventanas

U.S. Customs and Border Protection (CBP) has reviewed all interested parties responses to the letter CBP sent on September 16, 2022. CBP has found deficiencies in the submitted  revised public versions related to *H&E Home Inc. et al v. United States, CIT No. 21-337* from Global Aluminum, Industrias, JL Trading, and Puertas y Ventanas. CBP has found the following errors in the public versions of their revised submissions:

1. The sales documents and other company documents lack adequate public summaries as required by 19 C.F.R. 165.4(a)(2).  The business confidential information is merely redacted.
2. Business confidential information is merely redacted in the narrative sections of each submission and do not have corresponding public summaries as required by 19 C.F.R. 165.4(a)(2).

Global Aluminum:

- The information contained in the CF-28 is owned by Global Aluminum and because CBP has reopened the record as dictated in the September 16, 2022, letter. Global Aluminum is now responsible for bracketing and providing public summaries for the CF-28 as they were sent out pursuant

17

to the EAPA investigation.  Failure to do so will result in a failure to comply with the court remand.

Pursuant to 19 C.F.R. 165.4(b), we are rejecting <u>all</u> the public versions submitted by Global Aluminum, Industrias, JL Trading, and Puertas y Ventana's revised submissions. However, we are providing Global Aluminum, Industrias, JL Trading, and Puertas y Ventana with an opportunity to re-submit the public versions of these documents, by addressing the issues raised above. Attached are some examples of what CBP is requesting in terms of bracketing and public summaries. It is also advisable to include a mention of how many pages have been omitted, if any have been omitted.

Please provide revised business confidential and public versions of these documents, adhering to guidelines and regulations previously referenced, by no later than **5:00 P.M. EASTERN TIME ON, October 18, 2022**. Please submit through EAPA's case management system at https://eapallegations.cbp.dhs.gov. Please be advised that, should the submissions fail to be corrected by the deadline, CBP may apply inferences adverse to the company and select from among the facts otherwise available to make a determination as to evasion pursuant to 19 C.F.R. 165.27.

Please do not hesitate to contact me should you have any questions.

Scott Hoefke
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Direct Tel: 202-893-1276
Email: scott.a.hoefke@cbp.dhs.gov


U.S. Customs and Border Protection

ref:_00Dt04XM5._500t012bmzT:ref

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that these comments comply with the word limitation requirement.   The word count for COMMENTS OF CONSOLIDATED PLAINTIFFS IN SUPPORT OF THE REMAND REDETERMINATION, as computed by Sandler, Travis & Rosenberg, P.A.'s word processing system (Microsoft Word 2016) is 3863 words.

/s/Beth C. Ring