UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| H&E HOME, INC. and CLASSIC METALS SUPPLIERS, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| and | : <br> : Before: Richard K. Eaton, Judge |
| GLOBAL ALUMINUM DISTRIBUTOR LLC, INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC., | : <br> : Consol. Court No. 21-00337 <br> : <br> : <br> : |
| Consolidated Plaintiffs, | : <br> : |
| and | : <br> : |
| KINGTOM ALUMINIO S.R.L., | : <br> : |
| Plaintiff-Intervenor, | : <br> : |
| v. | : <br> : |
| UNITED STATES, | : <br> : |
| Defendant, | : <br> : |
| and | : <br> : |
| THE ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | : <br> : |
| Defendant-Intervenor. | : <br> : |

**MEMORANDUM AND ORDER**

[Global Aluminum Distributor LLC's motion for attorney's fees pursuant to 28 U.S.C. § 2412 is denied.]

*David J. Craven*, Craven Trade Law LLC, of Chicago, IL, argued for Consolidated Plaintiff Global Aluminum Distributor LLC.

*Alexander J. Vanderweide*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for Defendant the United States. With him on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Justin R. Miller*, Attorney-In-Charge, International Trade Field Office. Of counsel on the brief were *Tamari J. Lagvilava* and *Chelsea Reyes*, Office of the Chief Counsel, U.S. Customs and Border Protection.

Eaton, Judge: Before the court is the motion of Consolidated Plaintiff Global Aluminum Distributor LLC ("Global") for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Global's Application for Fees and Other Expenses, ECF No. 123 ("Fee Application"); Global's Mot. for Fees Pursuant to EAJA, ECF No. 123-1 ("Global's Mot."). Defendant the United States ("Defendant" or "the Government") opposes the motion. Def.'s Resp. to Global's Application for Fees, ECF No. 127 ("Def.'s Resp.").

The underlying lawsuit in this case was a civil action brought by Global—along with other plaintiffs—contesting an affirmative evasion determination by U.S. Customs and Border Protection ("Customs") pursuant to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517. In the underlying action, the court granted the Government's motion for voluntary remand, after which Customs reversed its affirmative findings and instead made a negative determination of evasion. Final Results of Redetermination Pursuant to Court Remand at 5, ECF No. 73 ("Remand Redetermination"). After the court sustained the Remand Redetermination, Global made this motion pursuant to the EAJA. *H&E Home, Inc. v. United States*, 48 CIT __, 714 F. Supp. 3d 1353 (2024).

Because the Government's position, when taken "as a whole," was substantially justified, the court denies Global's motion. *See Keirton USA, Inc. v. United States*, 47 CIT __, __, 627 F. Supp. 3d 1342, 1346 (2023) (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 569-71 (1988)).

## BACKGROUND

Global was a U.S. importer of aluminum extrusions.[1] Kingtom Aluminio S.R.L. ("Kingtom") is an exporter of aluminum extrusions in the Dominican Republic. By its EAPA investigation, Customs sought to determine whether Global, and other U.S. importers, were evading antidumping and countervailing duty orders on Chinese-origin aluminum extrusions,[2] by transshipping Chinese extrusions through Kingtom's facilities in the Dominican Republic, prior to importation into the United States.

The Office of Trade, housed within Customs, handles EAPA cases. *See* 19 U.S.C. § 4371. Within the Office of Trade, the Trade Remedy Law Enforcement Directorate ("TRLED") investigates allegations of evasion and makes an evasion determination. *See id.* § 4371(a)(3) (authorizing TRLED to conduct "enforcement and compliance assessment activities concerning evasion"); *see also* 19 C.F.R. § 165.1 (defining TRLED as the Trade Remedy Law Enforcement Directorate, Office of Trade that "conducts the investigation of alleged evasion").

Following a TRLED determination, "the EAPA permits an administrative appeal of that determination" to the Office of Regulations and Rulings ("R&R") which is also within the Office of Trade. *H&E Home, Inc.*, 48 CIT at __, 714 F. Supp. 3d at 1359 ("If a request for administrative appeal is filed, [R&R] . . . considers the appeal . . . ." (citing 19 C.F.R. §§ 165.1, 165.45)); *see also* 19 U.S.C. § 1517(f)(1).

---

[1]      By the time final judgment was issued in this case, Global "had gone out of business . . . and was no longer participating in the litigation." *H&E Home, Inc.*, 48 CIT at__, 714 F. Supp. 3d at 1374 n.21.

[2]      *See Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011); *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011).

When conducting its review, R&R applies a de novo standard of review and considers "the entire administrative record upon which the determination as to evasion was made." 19 C.F.R. § 165.45; *see also* 19 U.S.C. § 1517(f)(1) (providing for "an appeal . . . for de novo review of the determination"). Although it did not happen here, federal regulations allow Customs to "request additional written information from the parties to the investigation at any time during the review process." 19 C.F.R. § 165.44. Thus, it is possible for R&R to supplement the record developed by TRLED. If TRLED's determination of evasion is appealed administratively, then R&R's decision is considered the "final administrative determination" on the matter. *See id.* § 165.46(a).

The statute permits judicial review[3] of Customs' evasion determinations to examine "(A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2).

The present case involved both a determination by TRLED and a review by R&R. Customs' EAPA investigation was set into motion when Defendant-Intervenor The Aluminum Extrusions Fair Trade Committee ("AEFTC") filed an allegation that Global (and other plaintiffs) were evading antidumping and countervailing duty orders on Chinese-origin aluminum extrusions. *See* TRLED Notice of Determination as to Evasion at 2, ECF No. 25-2 ("TRLED Determination").

---

[3]    In full text, the statute provides: "Not later than 30 business days after the Commissioner completes a review under subsection (f) of a determination under subsection (c) with respect to whether covered merchandise was entered into the customs territory of the United States through evasion, a party alleging evasion" or a party determined to have entered "covered merchandise through evasion . . . may seek judicial review of the determination under subsection (c) and the review under subsection (f) in the United States Court of International Trade to determine whether the determination and review is conducted in accordance with subsections (c) and (f)." 19 U.S.C. § 1517(g)(1).

TRLED conducted its investigation and concluded that "[s]ubstantial evidence demonstrates [Global and other importers] imported Chinese-origin extrusions that were either co-mingled or transshipped to the United States with a claimed country of origin as the Dominican Republic." *Id.* at 1. In other words, TRLED made an affirmative evasion determination.

Following a request by the importers, R&R conducted an administrative review of the TRLED determination and affirmed the finding of evasion. R&R Final Administrative Determination at 2, 14, ECF No. 25-3 ("Final Determination"). Thereafter, Global and others commenced these consolidated lawsuits.

The court stayed the case pending the completion of briefing in a related action which also involved Global: *Global Aluminum Distributor LLC v. United States*, Consol. Court No. 21-00198. Order (Nov. 18, 2021), ECF No. 47. The litigation in *Global Aluminum* stemmed from EAPA Case Number 7348 ("EAPA 7348"), which involved many of the same issues and parties (including Global) as EAPA Case Number 7423 ("EAPA 7423") underlying the litigation in this case. *See H&E Home, Inc.*, CIT at __, 714 F. Supp. 3d at 1373. Despite Global's involvement in EAPA 7348 and *Global Aluminum*, it has only sought to collect fees in this action.

In *Global Aluminum*, the Government asked the Court for a remand so that it could reconsider its affirmative evasion determination. *Global Aluminum Distributor LLC v. United States*, 46 CIT __, __, 585 F. Supp. 3d 1352, 1353, 1355 (2022). Then, on remand, Customs reversed its evasion determination and instead found no evasion. *Id.* at __, 585 F. Supp. 3d at 1355.

Following the conclusion of *Global Aluminum*, the court lifted the stay in this case. Order (July 13, 2022), ECF No. 62. Soon thereafter, the Government asked for a voluntary remand, as it had in *Global Aluminum*, citing three reasons for its request:

> (1) [to] provide the parties with public summaries of business confidential information in the administrative record; (2) [to] review and consider documents

that were mistakenly omitted from the administrative record; and (3) [to] revisit and reweigh the record evidence in light of [Customs'] remand determination in [*Global Aluminum*] . . . in order for [Customs] to reevaluate its decision that substantial evidence of evasion exists.

Mot. to Remand at 2, ECF No. 65. The court granted the Government's motion and remanded the case. Order (Sept. 7, 2022), ECF No. 70.

On remand, R&R reversed its earlier affirmative evasion determination and instead made a negative evasion determination. Remand Redetermination at 2. The court sustained R&R's Remand Redetermination, after which Global filed the motion for attorney's fees that is now before the court. *H&E Home, Inc.*, 48 CIT at __, 714 F. Supp. 3d at 1382.

## LEGAL FRAMEWORK

The U.S. legal system follows "a general practice of not awarding fees to a prevailing party." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). "Congress, however, has authorized the award of attorney's fees to the 'prevailing party'[4] in numerous

---

[4]      Although not without doubt, Global appears to be the prevailing party here because the Government's request for remand was based, at least in part, on an admitted agency error. *See* Mot. to Remand at 2. The Federal Circuit has held that "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . when successful in the remand proceedings where there has been a retention of jurisdiction" by the court. *See Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003); *see also Robinson v. O'Rourke*, 891 F.3d 976, 980-81 (Fed. Cir. 2018); *Crawford v. United States*, 66 F.4th 1339, 1343 (Fed. Cir. 2023).

Here, the Government asked for remand, in part, so that it could "review and consider documents that were mistakenly omitted from the administrative record." Mot. to Remand at 2. This mistaken failure to review the entire administrative record violated the procedures set out in federal regulations and thus was an agency error. *See* 19 C.F.R. § 165.45. Because the Government retained jurisdiction throughout the remand, and because the Government reversed its position on remand, Global was likely a prevailing party.

statutes . . . ." *Buckhannon Bd. & Care*, 532 U.S. at 602. One of those statutes is the EAJA. *See* 28 U.S.C. § 2412.

The EAJA requires the court to "award . . . fees and other expenses when the applicant shows that it is an eligible and prevailing party in a civil action brought by or against the United States, unless the court finds that the [Government's] position . . . was substantially justified or that special circumstances make an award unjust." *Sumecht NA, Inc. v. United States*, 44 CIT __, __, 437 F. Supp. 3d 1316, 1320 (2020) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

Courts have found that there are four elements to a claim for fees under the EAJA: "(i) the claimant is [an eligible and] 'prevailing party'; (ii) the government's position was not substantially justified; (iii) no 'special circumstances make an award unjust'; and (iv) the fee application is timely submitted and supported by an itemized statement." *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (citing *INS v. Jean*, 496 U.S. 154, 158 (1990)). Here, because the Government's position was, taken as a whole, substantially justified and because there were special circumstances sufficient to make an award unjust, the court denies Global's application.

## DISCUSSION

At oral argument it became clear that Global's primary claim for attorney's fees is based on Customs' decision not to consolidate EAPA 7348 (underlying the related litigation in *Global Aluminum*, Consol. Court No. 21-00198) with EAPA 7423 (underlying this case). Global stated that this failure to consolidate was "ultimately, really the error" because it "forced [Global] to incur duplicated expenses." Recording of Oral Argument at 25:22-25, ECF No. 130; Global's Mot. at 12. "Had the cases been consolidated," Global asserts that it "likely would not have incurred

duplicated fees." Global's Mot. at 12. "Specifically," Global argues that the investigations should be consolidated because "both cases involved the same merchandise, the same supplier and the same [antidumping and countervailing duty] order[s]," and that failure to consolidate "caused [Global] to incur duplicated expenses." *Id.* at 1-2. Global, however, acknowledged at oral argument that "[t]aken separately, each individual case [i.e., EAPA 7348 or EAPA 7423,] might have been substantially justified." Recording of Oral Argument at 6:19-26.

As shall be seen, the failure to consolidate is one of a series of "bad acts" that Global alleges to justify the award of attorney's fees, without actually developing its arguments. Without saying so in its motion, Global seems to believe that the decision not to consolidate the EAPA investigations at the agency level was the Government's position that was made without substantial justification, even though each proceeding's result might have been substantially justified. Moreover, the decision not to consolidate does not go directly at the question of whether or not the Government's case, taken "as a whole," was substantially justified. *Keirton*, 47 CIT at __, 627 F. Supp. 3d at 1346 (citing *Pierce*, 487 U.S. at 566 n.2, 569-71).

For its part, the Government points to several reasons for its decision not to consolidate investigations. First, the Government notes that "EAPA 7423 [underlying this case] is itself a consolidation of seven (7) investigations, and EAPA 7348 [underlying *Global Aluminum*] is a consolidation of three (3) investigations." Def.'s Resp. at 23. Additionally, the Government points out that, although there was overlap among the parties to both consolidated investigations, they were not identical. *Id.* at 23-24. For instance, the allegers for each consolidated investigation were different: "Ta Chen International, Inc. filed the allegations in EAPA 7348 and the AEFTC filed the allegations in EAPA 7423." *Id.* at 24. As a result, Ta Chen International, Inc. is not a party to the case before the court.

Most importantly, though, the Government argues that differences between the two investigations in deadlines for the Government to set interim measures substantially justified the decision not to consolidate. *Id.* The Government explains its reasons by citing to the statute. The statute requires Customs to make an interim measures determination "[n]ot later than 90 calendar days after initiating an investigation." *See* 19 U.S.C. § 1517(e). Interim measures may include (1) the suspension of liquidation for each entry after the investigation is initiated; (2) an extension of the period of liquidation for each unliquidated entry of covered merchandise that entered before initiation of the investigation; or (3) "such additional measures as the Commissioner determines necessary to protect the revenue of the United States" such as requiring "additional security or the posting of a cash deposit with respect to such covered merchandise." *Id.*

The difference in initiation dates for each proceeding is important because the earlier investigation controls the timing requirements of a consolidated EAPA investigation. *See* 19 U.S.C. § 1517(b)(5)(B). Thus, because EAPA 7348 (underlying *Global Aluminum*) was initiated before EAPA 7423 (underlying this case), had Customs consolidated the two investigations, EAPA 7423 would have been subject to the deadline for the imposition of interim measures in EAPA 7348. *See* Def.'s Resp. at 24; *see also* 19 U.S.C. § 1517(b)(1), (b)(5)(B), (e). Specifically, EAPA 7348 was initiated on October 31, 2019, with a decision on interim measures due by January 29, 2020, while EAPA 7423 initiated on January 27, 2020, with a decision on interim measures due by April 27, 2020. Notice of Initiation EAPA 7348 at 2, ECF No. 36-1; Notice of Initiation EAPA 7423 at 2, ECF No. 92. In other words, consolidation would have meant that Customs had only two days to decide on interim measures for EAPA 7423, instead of the full 90 days allowed by the statute.

On February 5, 2020, Customs provided notice of the initiation of EAPA 7348 and the imposition of interim measures in that case. Notice of Initiation EAPA 7348 at 1, 5-8. By contrast,

Customs did not provide such notice in EAPA 7423 until May 4, 2020. Notice of Initiation EAPA

7423 at 1, 6-10. The two cases thus remained on separate timelines reflecting the differences in

their respective allegations and initiations. Although the interim measures were largely the same

in both cases, when faced with the possibility of deciding whether to impose interim measures in

two days instead of the full 90-day statutory period, Customs reasonably chose not to consolidate

the investigations.

To support its argument that the Government's position was not substantially justified,

Global provided a list of "bad acts"[5] committed by the Government. The court notes, however,

that the term "bad act" has no special meaning under the EAJA and is not necessarily "relate[d] to

whether a position is substantially justified." *See InterGlobal Forest LLC v. United States*, 48 CIT

__, __, 736 F. Supp. 3d 1306, 1317 n.10 (2024). Of note, Global has simply listed these "bad acts"

and their supposed impact on Global without giving the court any reason to believe that the "bad

acts," taken together or separately, somehow mean that the Government's case was not

substantially justified. Global's Mot. at 11-13. Alleging these bad acts without expanding on how

each one affected the Government's case means that they have no factual value to the court.

Moreover, while regrettable, it is not determinative that Global may have faced additional

legal fees due to the lack of consolidation: "additional costs . . . do not establish a lack of

---

[5]        The list of "bad acts" includes: (1) TRLED's decision to launch an investigation
in response to allegations filed by the AEFTC; (2) TRLED's issuance of the Notice of Initiation
of Investigation and Interim Measures; (3) the Government's decision not to consolidate EAPA
7423 and EAPA 7348; (4) the omission of certain documents from the administrative record; (5)
TRLED's affirmative evasion determination; (6) R&R affirmation of TRLED's affirmative
evasion determination. *See* Global's Mot. at 11-13.
        Global does not expand on any one of these bad acts in any way that would allow the
court to find that they had any bearing on the substantial justification of the Government's
position.

substantial justification because they do not speak to the reasonableness of the position taken by the agency." *InterGlobal*, 48 CIT at __, 736 F. Supp. 3d at 1317 (citing *Pierce*, 487 U.S. at 565). The question is rather whether Customs had substantial justification for its position with respect to its case "as a whole." *Keirton*, 47 CIT at __, 627 F. Supp. 3d at 1346 (citing *Pierce*, 487 U.S. at 566 n.2, 569-71). Even if the Government was mistaken in not consolidating the cases, that would have little to do with whether its case was "as a whole" substantially justified. *Id.*

Also, though the merchandise and parties involved in the two investigations overlap, they were not identical. *See* Def.'s Resp. at 23-24. For instance, EAPA 7348 (underling *Global Aluminum*) included Hialeah Aluminum Supply, Inc. and Ta Chen International, Inc. (which was the alleger in that investigation). *Id.* at 24. EAPA 7423 (underling this case) involved neither of those parties but did involve the AEFTC as the alleger. *Id.*

The court is not convinced that the singular decision of whether to consolidate investigations at the agency level, even if misguided, has the capacity to undermine the substantial justification of the Government's position for the purposes of the EAJA. As noted, "the court considers the [Government's position] as a whole and does not separately consider every position." *Diamond Tools Tech. LLC v. United States*, 48 CIT __, __, 686 F. Supp. 3d 1374, 1380 (2024) (citing *E.E.O.C. v. Memphis Health Ctr.*, 526 Fed. Appx. 607, 614 (6th Cir. 2013)); *see also Jean*, 496 U.S. at 161-62 ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."); *Keirton*, 47 CIT at __, 627 F. Supp. 3d at 1346 ("[T]he court considers whether the government's position, as a whole, was substantially justified." (citing *Pierce*, 487 U.S. at 566 n.2)).

Nevertheless, even the determination not to consolidate, which does not go to the

Government's position as a whole, is substantially justified when "it is 'justified to a degree that

could satisfy a reasonable person.'" *InterGlobal*, 48 CIT at __, 736 F. Supp. 3d at 1316 (quoting

*Pierce*, 487 U.S. at 565). "That the agency's position was incorrect is not sufficient to establish

that their position was not substantially justified." *InterGlobal*, 48 CIT at __, 736 F. Supp. 3d at

1316 (citing *Patrick v. Shinseki*, 668 F.3d 1325, 1330 (Fed. Cir. 2011)). The court will look to

factors such as whether "(i) the issue is novel or a matter of first impression, i.e., the matter has

not been clearly decided, (ii) the government had a reasonable basis in law and fact for litigating

the issue, and (iii) there is a split in applicable authority." *Keirton*, 47 CIT at __, 627 F. Supp. 3d

at 1346 (citations omitted).

The Government gives several reasons why it is not liable for Global's fees. The

Government asserts that the "EAJA's provision governing 'special circumstances' renders . . . an

attorney-fee award unjust because of the novel nature of [the EAPA]." Def.'s Resp. at 2, 25-26. In

particular, the Government argues that "this cased presents circumstances in which [Customs] was

exercising its authority in an early EAPA investigation, in which there has been little precedent to

guide its exercise of authority." *Id.* at 26. Global, remarkably, makes no argument as to whether

special circumstances created by the novelty of EAPA investigations would make an award of fees

unjust. That said, Global appears to agree with the Government regarding the novelty of this case:

in requesting fees above the statutory rate of $125 per hour, Global states that the litigation

"required [a] depth of knowledge" in an area of law "where novel issues and new case law needed

to be addressed." Global's Mot. at 14.

The court agrees with the Government that Customs and Global faced a novel situation

when considering the allegations under the EAPA. The law itself was relatively new and the

proceedings involving Global were among the first to be considered. *See* 19 U.S.C. § 1517 (2016); Notice of Initiation EAPA 7423 at 2. In fact, by the end of 2021, the year in which this case was filed, TRLED had only conducted 179 EAPA investigations and R&R had only completed nineteen administrative reviews. *Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 89 Fed. Reg. 19,239, 19,240 (March 18, 2024). In light of this novelty, the Government's position is further made reasonable by the fact that it voluntarily asked for a remand to reevaluate its evasion determination before litigating the case. Mot. to Remand at 1.

Based on the foregoing, the court finds that the Government has met is burden of demonstrating that its position as a whole was substantially justified. Further, given Global's reliance on its arguments relating to the failure to further consolidate two cases and in light of its other undeveloped arguments, the court denies Global's motion.

## CONCLUSION AND ORDER

**ORDERED** that Global's motion for attorney's fees is denied.

/s/ Richard K. Eaton
Judge

Dated: June 17, 2025
       New York, New York